**UNITED STATES DISTRICT COURT**                                                  JS-6
**CENTRAL DISTRICT OF CALIFORNIA**

<u>**CIVIL MINUTES -- GENERAL**</u>

Case No.    **CV 13-7364-JFW (MRWx)**                          Date:  October 18, 2013

Title:    Jeff Turner *-v-* Nationstar Mortgage, LLC., et al.

---

**PRESENT:**

**HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

| | |
|---|---|
| **Shannon Reilly** | **None Present** |
| **Courtroom Deputy** | **Court Reporter** |

**ATTORNEYS PRESENT FOR PLAINTIFFS:**          **ATTORNEYS PRESENT FOR DEFENDANTS:**
                  None                                                      None

**PROCEEDINGS (IN CHAMBERS):**          **ORDER REMANDING ACTION TO LOS ANGELES**
                                                            **COUNTY SUPERIOR COURT**

On September 6, 2013, Plaintiff Jeff Turner ("Plaintiff") filed a Complaint against Defendants Nationstar Mortgage LLC, Quality Loan Service Corporation (erroneously sued as Quality Loan Servicing Corporation), and Does 1 through 100 ("Defendants") in Los Angeles County Superior Court.  On September 25, 2013, Defendant Quality Loan Service Corporation filed a Declaration of Nonmonetary Status.  On October 4, 2013, Defendant Nationstar Mortgage LLC filed a Notice of Removal of Civil Action ("Notice of Removal"), alleging that this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a).

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress.  *See Bender v. Williamsport Area School District*, 475 U.S. 534, 541 (1986).  "Because of the Congressional purpose to restrict the jurisdiction of the federal courts on removal, the statute is strictly construed, and federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."  *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996) (citations and quotations omitted).  There is a strong presumption that the Court is without jurisdiction unless the contrary affirmatively appears.  *See Fifty Associates v. Prudential Insurance Company of America*, 446 F.2d 1187, 1190 (9th Cir. 1990).  As the party invoking federal jurisdiction, Defendant Nationstar Mortgage LLC bears the burden of demonstrating that removal is proper.  *See, e.g., Gaus v. Miles,* 980 F.2d 564, 566 (9th Cir. 1992); *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988).

Diversity jurisdiction founded under 28 U.S.C. § 1332(a) requires that (1) all plaintiffs be of different citizenship than all defendants, and (2) the amount in controversy exceed $75,000.  Defendant Nationstar Mortgage LLC has failed to demonstrate that the parties are completely diverse, as it fails to allege the citizenship of Defendant Quality Loan Service Corporation.

Initials of Deputy Clerk   sr

Defendant Nationstar Mortgage LLC argues in its Notice of Removal that the citizenship of Quality Loan Service Corporation is "now irrelevant to the diversity inquiry because it filed a declaration of non-monetary status pursuant to California Civil Code § 2924*l*." Notice of Removal at ¶ 5. However, "[a] party that files a declaration of non-monetary status does not actually become a nominal party until 15 days pass without objection." *Sun v. Bank of America Corporation*, 2010 WL 454720, *3 (C.D. Cal. Feb. 8, 2010); *see also Boggs v. Wells Fargo Bank NA,* 2012 WL 2357428, at *3 (June 14, 2012) (holding that party's citizenship could not be disregarded for purposes of determining whether the plaintiffs and the defendants were completely diverse where notice of removal was filed 14 days after declaration of non-monetary status had been filed in state court).  In this case, Defendant Nationstar Mortgage LLC filed its Notice of Removal only nine days after Defendant Quality Loan Service Corporation filed its Declaration of Non-Monetary Status. Accordingly, Defendant Quality Loan Service Corporation had not yet attained nominal status at the time of removal, and the Court cannot disregard Defendant Quality Loan Service Corporation's citizenship.

For the foregoing reasons, this action is **REMANDED** to Los Angeles County Superior Court for lack of subject matter jurisdiction.  *See* 28 U.S.C. § 1447(c).

IT IS SO ORDERED.

Initials of Deputy Clerk  _sr_